```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SARAH L.,

                Plaintiff,
                                                3:14-CV-0831
v.                                              (GTS/TWD)

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

                Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LACHMAN & GORTON LAW FIRM                       PETER A. GORTON, ESQ.
    Counsel for Plaintiff
P.O. Box 89
Endicott, New York 13761-0089

SOCIAL SECURITY ADMINISTRATION                  AMANDA J. LOCKSHIN, ESQ.
OFFICE OF REGIONAL GENERAL COUNSEL
    Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge
```

**DECISION and ORDER**

Currently before the Court, in this Social Security action filed by Sarah L. ("Plaintiff") against Acting Social Security Commissioner Nancy A. Berryhill ("Defendant" or "Commissioner"), is Plaintiff's motion for attorneys' fees and costs in the amount of seventeen thousand eight hundred and seventy five dollars ($17,875.00) pursuant to 42 U.S.C. § 406(b). (Dkt. No. 26.)  For the reasons stated below, Plaintiff's motion is granted.

---

[1]   Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017.  The Clerk of Court is respectfully directed to amend the caption.

## I. RELEVANT BACKGROUND

### A. Facts and Procedural History

Because this Decision and Order is intended primarily for the review of the parties, the Court presumes the reader's familiarity with this Court's Order of May 5, 2015, in which the Court approved the parties' stipulation to remand Plaintiff's case to the Social Security Administration for further consideration. (Dkt. No. 21.) As directed, final judgment was entered in favor of Plaintiff on May 5, 2015. (Dkt. No. 22.) Plaintiff filed a motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") on May 29, 2015, and the parties submitted a stipulation for fees in the amount of five thousand two hundred and fifty dollars ($5,250.00) on June 11, 2015. (Dkt. Nos. 23, 24, 25.) On the same date, the Court approved the stipulation. (Dkt. No. 25.) Plaintiff subsequently filed the current motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) on May 2, 2018. (Dkt. No. 26.)

### B. Briefing on Plaintiff's Motion

Generally, Plaintiff's attorneys argue that they are entitled to an award of attorneys' fees in the amount of $17,875.00 pursuant to 42 U.S.C. § 406(b), $5,250.00 of which would be refunded to Plaintiff due to previously awarded EAJA fees. (Dkt. No. 26, Attach. 1 [Pl.'s Mem. of Law].) Plaintiff implicitly argues that this amount is far less than the 25-percent of back benefits that is allowable under the statute.[2]

---

[2] The full amount of back benefits payable to Plaintiff and her children as the result of the approved application is $201,424.00, $50,356.00 of which was withheld by the Social Security Administration for payment of attorneys' fees. (Dkt. No. 26, Attach. 1; Dkt. No. 26, Attach. 3.)

2

Generally, Defendant indicates that she takes no position on whether the requested amount would represent a windfall for Plaintiff's attorneys, but notes that the requested *de facto* hourly rate does not appear to be grossly unreasonable. (Dkt. No. 27, at 2 [Def.'s Response Mem. of Law].) Defendant notes, however, that there is a possible question as to whether Plaintiff's application for attorneys' fees is untimely, noting two different standards (one imposing a 14-day period for filing, and the other imposing a reasonable period for filing) applied by various circuit courts, but acknowledging that the Second Circuit has not made a determination as to which standard, if either, applies in this circuit. (*Id.* at 2-3.)

In reply, Plaintiff argues that the Court should find the application timely because (a) there is no clearly established rule of law from the Second Circuit on this issue, (b) the Commissioner does not cite any cases from this Court applying the 14-day standard, while a case from 2016 applies the reasonable-time standard, (c) it would be inequitable and/or problematic in terms of due process to impose the 14-day limitation given the lack of prior notice of such a deadline, and (4) the application was filed within 40 days of the notice of award on the ALJ's favorable decision, which is a reasonable period of time. (Dkt. No. 30, at 1-2 [Pl.'s Reply Mem. of Law].)

## II.     GOVERNING LEGAL STANDARD

Section 206(b) of the Social Security Act states that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court

has held that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather "calls for court review of such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). If the fee set by the contingency-fee agreement is within the 25-percent boundary established by Section 406(b), then "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. For assessing reasonableness of a fee set by a contingency agreement, the Supreme Court noted that multiple factors should be considered, including the character of the representation, the results the representative achieved, and whether the attorney was responsible for delay in the litigation in order to increase fees. *Id.* at 808.

The Second Circuit has noted that contingency-fee agreements ordinarily should be afforded the same deference that the court would apply to any contract between parties where it is a "freely negotiated expression of both a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). District courts therefore must look first to the contingency-fee agreement and reduce the amount specified in that agreement only when it finds the amount to be unreasonable. *Wells*, 907 F.2d at 371. When determining whether the fee is reasonable, the district court "need not make mathematical calculations," but should (a) determine whether the amount requested is within the 25-percent cap, (b) consider whether there has been fraud or overreaching in making the agreement, and (c) consider whether the amount is so large as to be a windfall to the attorney. *Id.* at 372.

## III. ANALYSIS

After carefully considering Plaintiff's arguments and the applicable case law, the Court awards Plaintiff's attorney the requested $17,875.00 in attorney's fees and costs for the reasons stated in Plaintiff's memoranda of law. (*See generally* Dkt. Nos. 26, 30.)

The Court declines to decide whether the correct standard is a 14-day time period or a reasonable time period because it is persuaded that, even in the event that the 14-day time period applies (and Plaintiff's application would therefore be untimely), it would strain the bounds of due process to bar Plaintiff from recovering fees given the absence of adequate notice that such time limitation existed. After all, although other circuit courts have addressed this question, they have reached conflicting conclusions, and the Second Circuit has not yet expressed any opinion on the matter. Plaintiff and Defendant cite cases from district courts within the Second Circuit that also reach conflicting conclusions. (Dkt. No. 27, at 2-3 [Def.'s Response Mem. of Law]; Dkt. No. 30, at 1-2 [Pl.'s Reply Mem. of Law].) Defendant expressly acknowledges that this conflict exists, notes that "[a] review of district court cases within the Second Circuit indicates that courts had leaned toward the [reasonable time] approach" until a recent case from the Western District of New York, and does not urge for the adoption of a specific approach as the correct one. (Dkt. No. 27, at 2-3 [Def.'s Response Mem. of Law].) Given that Defendant has not even argued that there is a persuasive reason for applying the 14-day time period over the reasonable time period standard, the Court cannot say that Plaintiff should have been on notice that she was required to file the application for attorneys' fees pursuant to 42 U.S.C. § 406(b) within 14 days of receiving the Notice of Award. It therefore would not be equitable, under the circumstances, to hold Plaintiff to such a deadline if it in fact is applicable.

5

As to the reasonableness of the application itself, the Court finds that (a) the amount requested is within the 25-percent range allowable by law, (b) there is no evidence or allegation of fraud or overreach in the making of the agreement, and (c) the amount is not so large as to constitute a windfall for Plaintiff's attorneys. *See Buckley v. Berryhill*, 15-CV-0341, 2018 WL 3368434, at *2-3 (W.D.N.Y. July 10, 2018) (approving a *de facto* hourly rate of $1,000.00); *Karki v. Comm'r of Soc. Sec.*, 13-CV-6395, 2018 WL 1307947, at *2-3 (E.D.N.Y. Mar. 13, 2018) (finding that an hourly rate of $1,066 would constitute a windfall and reducing the amount to $500 per hour for 21.1 hours of work); *Filipkowski v. Barnhart*, 05-CV-1449, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (Sharpe, J.) (approving a *de facto* hourly rate of $743.30 for 33.25 hours of work); *Rowell v. Astrue*, 05-CV-1592, 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008) (finding that a fee amounting to an hourly rate of $443.94 per hour was not a windfall); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (approving a *de facto* hourly rate of $705.00). The evidence shows that (a) the attorney's efforts on behalf of Plaintiff were successful, (b) that her attorney spent 27.5 hours on her case before this Court, (c) the case was handled efficiently, and (d) the requested amount is within the range that other courts have found to be reasonable. The Court therefore finds that the amount requested (which would result in a *de facto* hourly rate of $650.00 if the total amount of $17,875 were considered) would not constitute a windfall, despite being at the higher end of the spectrum recognized as reasonable by other courts. *Filipkowski*, 2009 WL 2426008, at *1 (citing *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 [W.D.N.Y. 2005]; *Blizzard*, 496 F. Supp. 2d at 323).

Plaintiff's attorneys have also expressly acknowledged their obligation to refund to Plaintiff the amount of the EAJA award received previously as a condition of this award.[3] Additionally, Defendant has expressed no objections to Plaintiff's request for attorneys' fees. (Dkt. No. 27, at 2 [Def.'s Opp'n Mem. of Law].)  This fact, while not determinative, provides additional support to the Court's finding that the application is reasonable.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorney fees and costs (Dkt. No. 26) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff is awarded attorneys' fees and costs in the amount of **SEVENTEEN THOUSAND EIGHT HUNDRED AND SEVENTY FIVE DOLLARS ($17,875.00)** pursuant to 42 U.S.C. § 406(b); and it is further

**ORDERED** that, upon receipt of these fees, Plaintiff's attorneys shall refund to Plaintiff the five thousand two hundred and fifty dollars ($5,250.00) in fees obtained pursuant to the EAJA.

Dated: November 27, 2018
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[3]  The Court notes that the net amount of $12,625 after reduction for the refunded EAJA fee would reduce the de facto hourly rate to $459.00.